**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**ABBAS ALAZZAM,**<br>**Defendant.** | **MEMORANDUM DECISION AND ORDER**<br>**Case No. 2:21-CR-501-DAK**<br>**Judge Dale A. Kimball** |

On August 11, 2026, the court received a letter from Defendant seeking early termination of supervised release. On June 4, 2025, this court sentenced Defendant to time served and 36 months of supervised release. Defendant has served approximately 14 months of his 36-month term. The United States opposes Defendant's motion on the grounds that it is too early for termination of the 36-month term. Defendant's United States Probation Officer has provided the court with a supervision summary and similarly recommends that the court not grant early termination of supervised release until Defendant has completed at least half the term of supervised release.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant's supervision summary indicates that Defendant has been fully compliant, completed all active conditions of supervision, maintained gainful employment, and has a good support system. The court can see that Defendant is making great progress in turning his life around. Despite these positive steps forward, the court believes that Defendant will benefit from continued supervision. The court agrees that it is too early in his term of supervised release to consider terminating supervision. Defendant should continue to have constructive communication with his probation officer regarding his progress. He appears to be on a promising path forward. The court is willing to reconsider early termination when Defendant has completed more than 18 months with no violations. At this time, however, the court denies Defendant's motion for early termination of supervised release.

Dated this 26th day of August 2026.

BY THE COURT:



DALE A. KIMBALL
United States District Judge